UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELIZABETH S.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 3:25-cv-05403-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her applications for Supplemental Security Income (SSI) benefits and Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

**I.  BACKGROUND**

Plaintiff applied for benefits on September 8, 2021. Administrative Record (AR) 17. Her amended alleged date of disability onset is December 20, 2020. *Id.* Her requested hearing was

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

held before an Administrative Law Judge on January 18, 2024. AR 35–58. On April 19, 2024, the ALJ issued a decision finding Plaintiff not disabled. AR 14–35. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision the final agency action subject to judicial review. AR 1–6. On May 15, 2025, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 5.

## II. STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III. DISCUSSION

In her opening brief, Plaintiff argues the ALJ erred in assessing (1) her subjective symptom testimony, (2) several medical opinions, and (3) the lay witness evidence, and (4) in finding she did not meet a Listing at step three of the sequential evaluation process. Dkt. 12.

### A. Subjective Testimony

Plaintiff testified she has periodic auditory hallucinations during which she hears music and voices. AR 77–78. Consequently, she oftentimes cannot hear things around her or control her voice. AR 94. The hallucinations are triggered by stress, and she testified she cannot drive because of them. AR 94–95. She also testified she experiences periodic forgetfulness and cannot handle multiple tasks at once because of her anxiety medications. AR 92–93.[1]

---

[1] Plaintiff also testified to having several symptoms arising from her back pain, which the ALJ rejected (*see* AR 24), and Plaintiff has not challenged the ALJ's findings relevant to those symptoms (*see* Dkt. 12).

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 2

Where (as is the case here) the ALJ finds Plaintiff has presented evidence of one or more impairments that could be reasonably expected to cause her alleged symptoms and there is no affirmative evidence of malingering, the ALJ must give specific, clear, and convincing reasons for discounting Plaintiff's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). In so doing, "[t]he ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284. The Court is "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

Defendant argues the ALJ properly discounted Plaintiff's testimony in finding it was inconsistent with the objective medical evidence and with her activities of daily living. Dkt. 19 at 8–11.

With respect to the objective medical evidence, "when objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original). But "an ALJ cannot insist on clear medical evidence to support each part of a claimant's subjective pain testimony." *Id.* (citing *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

The ALJ found the medical evidence inconsistent with Plaintiff's allegations for several reasons. *See* AR 24. The ALJ noted that "other than contributing to a hearing issue, she does not seem to find the auditory hallucinations disturbing, and they are barely mentioned in her counseling records." AR 25. This reasoning fails. Although hearing deficits are a primary symptom of Plaintiff's hallucinations, according to her testimony, this does not mean such deficits are insignificant. To the contrary, Plaintiff testified she oftentimes cannot hear others or

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 3

control her voice (AR 94), which she reported at an appointment (AR 758), and the ALJ's findings are not to the contrary.

To the extent the ALJ dismissed Plaintiff's hearing-related issues based on her unchallenged step two finding that the record lacked evidence of any hearing-related impairment (AR 20), this is also not a proper basis for rejecting the testimony. Although there are certain evidentiary requirements for establishing a medically determinable impairment (20 C.F.R. § 404.1521), Plaintiff alleged that her hearing-related deficits were symptoms of her mental impairments (which the ALJ found were sufficiently established). The ALJ found her severe medically determinable impairments could reasonably be expected to cause the alleged symptoms—including her hearing-related limitations—so the ALJ could not reject Plaintiff's hearing-related allegations based on a paucity of corroborating hearing tests. *See Burch*, 400 F.3d at 681.

As for the ALJ's contention that Plaintiff's hallucinations were seldom mentioned in the treatment notes, this is belied by the record, where Plaintiff's hallucinations are mentioned at appointments. *See* AR 859, 866, 882, 888, 977.

The ALJ also noted most of the treatment notes discussing Plaintiff's hallucinatory symptoms involved Plaintiff's financial stressors and stressors related to driving. AR 25. Defendant contends this shows much of her symptoms were brought on by situational stressors, rather than caused by her medically determinable impairments. Dkt. 19 at 9. But the record reflects that it was stress generally which brought about her hallucinations. *See* AR 977. While her primary stressors noted at appointments were finance- and transportation-related, this does not mean she would not experience the hallucinations as a result of normal workplace stress.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

Moreover, the ALJ did not find the RFC reduced such stressors or otherwise accounted for such symptoms.

The ALJ also mentioned some mental status examination results where Plaintiff displayed normal behavior, speech, judgment, and thought content. AR 25. The ALJ found such results did "not support finding greater limitations." *Id.*

With respect to Plaintiff's daily activities, activities of daily living are a valid reason to discount Plaintiff's testimony if they are either transferrable to a work setting or inconsistent with her alleged symptoms. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

The ALJ found:

> the claimant's ability to act as the primary caregiver for both her small child, born in 2019, and the father she described as disabled, suggests that she retains at least some work capacity (Testimony). The claimant describes her typical daily activity as waking at 8:00am, getting her small child ready, preparing breakfast and lunch, getting the child down for a nap, doing household chores, cooking dinner, and going to bed at 9:00pm [AR 657]. The claimant's broad range of day to day activities undermine her complaints about complete incapacity.

AR 26.

However, contrary to the ALJ's finding, Plaintiff indicated that her stepfather assists her with completing her activities of daily living and watching her son, and she did not testify he was disabled. *See* AR 87–88. Moreover, the daily routine described by the ALJ is not inconsistent with Plaintiff's testimony. Plaintiff did not indicate she was so incapacitated that she could do nothing at all, nor did she testify that her hallucinations were a constant presence. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1203 (9th Cir. 2024) ("[The claimant] can both do nothing when he has severe headaches and engage in his daily activities when he does not."); *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996) (Plaintiff need not "be utterly incapacitated to be eligible for benefits.").

The ALJ found Plaintiff's allegations of difficulty focusing and staying on task were "well-accommodated in the residual functional capacity's limitations to simple tasks with simple decisions and infrequent changes in the workplace, with limited interaction with others, and not in a fast-paced environment." AR 25. Although this was a reasonable translation of Plaintiff's relevant testimony into the RFC, it does not account for Plaintiff's hallucination-related symptomatic allegations.

In sum, the ALJ's findings that Plaintiff's testimony was inconsistent with the medical evidence and her activities of daily living were not proper reasons for rejecting Plaintiff's testimony supported by substantial evidence. Defendant does not defend the remaining reasons for rejecting Plaintiff's testimony given by the ALJ. The Court therefore finds the ALJ failed to provide specific, clear, and convincing reasons for rejecting Plaintiff's testimony. Because Defendant does not contend such an error is harmless, the Court reverses. *See Ferguson*, 95 F.4th at 1204.

**B.    Medical Opinion Evidence**

Plaintiff challenges the ALJ's assessment of the medical opinions of Gary Sacks, PhD; Adriana Taseva, MD; Karen Richard, LMHC; Renee Eisenhauer, MD; and Eugene Kester, PhD.

For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(b)–(c), 416.920c(b)–(c). Supportability concerns how a medical source supports a

medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2).

Examining psychologist Dr. Sacks completed an opinion in March 2022. AR 651–54. He opined Plaintiff had marked limitations in adjusting to changes in routine and social function, as well as a mild limitation in attention, concentration, and pace. AR 654. He indicated these limitations were based on Plaintiff's panic attacks and schizoaffective disorder. *Id.*

The ALJ found Dr. Sacks' opinion unpersuasive for the following reasons:

> This does not equate to a residual functional capacity, which regulations require must address the *most* the claimant can do on a sustained, function by function basis (B10F; 20 CFR 416.945(a), 404.1545(a), SSR 96-8p). Moreover, Dr. Sacks's opinion is unsupported by treatment records indicating preoccupation with driving and public benefits, not underlying mental health symptoms, and near-normal mental status examination results, and is inconsistent with the opinions of the DDS evaluators (B18F/39, 45, 66, 78).

AR 26–27.

This explanation is inadequate. Dr. Sacks' medical opinion did not need to be expressed as an RFC; a medical opinion need only opine on a claimant's impairment-related limitations or restrictions in work-related abilities (*see* 20 C.F.R. § 404.1513(a)(2)), which Dr. Sacks' opinion did. Furthermore, as discussed above with respect to Plaintiff's subjective symptom testimony, the focus in the treatment notes on Plaintiff's driving is consistent with her having stress-related limitations.[2] Similarly, near-normal mental status examinations do not necessarily show Plaintiff was unlimited by panic attacks and schizoaffective episodes, as such symptoms are temporary

---

[2] The ALJ's allusion to Plaintiff's "preoccupation with . . . public benefits" was an apparent reference to a finding made by the ALJ that Plaintiff engaged in counseling for the purpose of obtaining benefits (*see* AR 25, citing AR 987). Although the record reflects that Plaintiff started counseling in 2018 because she was applying for benefits, it also indicates she desired assistance with her symptoms. *See* AR 984. Moreover, the Defendant has not shown how such a motive shows Plaintiff is less limited than found by Dr. Sacks.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 7

and may not be captured by a mental status examination. Finally, assuming Dr. Sacks' opinion was inconsistent with the state agency consultants' opinions,[3] this alone is not a proper reason to reject Dr. Sacks' opinion, as the reasoning shows the consultants' opinions are also inconsistent with Dr. Sacks' opinion, but the ALJ found those opinions persuasive.

In sum, the ALJ failed to provide proper reasons for rejecting Dr. Sacks' medical opinion.

## C.   Remaining Issues

The Court has found the ALJ erred in considering Plaintiff's subjective testimony and the opinion of Dr. Sacks. Plaintiff requests the ALJ remand for an award of benefits. Dkt. 12 at 19. Such a remedy is only appropriate where it is clear from the record that the ALJ would be required to find the claimant disabled if the improperly discredited evidence were accepted as true. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Here, the Court finds the record is not free from ambiguities, conflicts, and gaps, and therefore remands for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017).

Having found reversible error, the Court declines to consider whether the ALJ erred in assessing the medical opinions of Drs. Taseva, Kester, and Eisenhauer, and of LMHC Richard. Instead, the ALJ is directed to reassess the medical evidence on remand, and, if appropriate, reassess her RFC finding and her findings at step five of the sequential evaluation process.

Plaintiff challenges the ALJ's finding that her mental impairments did not meet or medically equal any of the Listings. *See* Dkt. 12 at 16–18. Her argument relies upon Dr. Sacks' opinion and her subjective testimony. *See id.* Having found error in the ALJ's assessment of that

---

[3] The ALJ confusedly found the state agency consultants' opinions supported by Dr. Sacks' opinion, although the ALJ may have intended to find the opinions supported by their discussion of Dr. Sacks' opinion. *See* AR 27.

evidence, the Court directs the ALJ to reevaluate her step three finding if appropriate based on her reevaluation of that evidence.

Plaintiff also challenges the ALJ's assessment of her stepfather's statement. *See* Dkt. 12 at 15–16; AR 359–66. The ALJ was required to provide germane reasons for rejecting these statements. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The new regulations did not remove the requirement that an ALJ consider a lay witness statement, and this requirement is the genesis of the germane reasons standard. *See Rhea L. v. Comm'r of Soc. Sec.*, No. 2:24-CV-870, 2024 WL 5244402, at *4–5 (W.D. Wash. Dec. 30, 2024) (citing *Dodrill*, 12 F.3d at 919; 20 C.F.R. §§ 404.1545(a)(3), 404.1529(a); SSR 96-8p).

The ALJ asserted the statement was "not more persuasive" than other evidence in the record. AR 27. Without some explanation as to why the statement was less persuasive than that other evidence, this is not a germane reason for rejecting the statement. Although such an error may be harmless where it is duplicative of properly-discounted subjective testimony, *see Molina v. Astrue*, 674 F.3d 1104, 1116–22 (9th Cir. 2012), the Court has found the ALJ has not properly addressed Plaintiff's subjective testimony. Thus, the ALJ must reassess the statement of Plaintiff's stepfather on remand.

## IV. CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 16th day of December, 2025.

David W. Christel
United States Magistrate Judge